IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GENS PARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-957-MJR |
| ) | |
| SIX UNKNOWN NAMES AGENTS, ) | |
| and MR. PRESIDENT of THE UNITED ) | |
| STATES BARACK OBAMA, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court for case management. This *pro se* civil rights action was filed on September 17, 2013 (Doc. 1). Plaintiff neither paid the $400.00 filing fee for the action, nor filed a motion for leave to proceed *in forma pauperis* ("IFP"). The Clerk of Court immediately informed Plaintiff that if he failed to take one of these actions within 30 days (by October 17, 2013), his case would be subject to dismissal for want of prosecution (Doc. 2). A blank form motion to proceed IFP was sent to Plaintiff along with the Clerk's letter.

On September 21, 2013, Plaintiff wrote to request a copy of the complaint, saying he had not filed an action in this Court (Doc. 3). The Clerk mailed Plaintiff a copy as requested (Doc. 4). The Court has received no further documents, correspondence, or payment from Plaintiff since that time. Although Plaintiff's inquiry and other circumstances[1] raise a concern that he did not authorize this case to be filed on his behalf, Plaintiff has not disavowed this action or moved to voluntarily dismiss the case since he received notice of its filing. Accordingly, the

---

[1] The envelope in which the complaint was mailed bore the return address of Young Yil Jo at the Etowah County Jail, where Plaintiff is now housed. Mr. Jo is a notorious recreational litigator who has been banned from filing new actions in this Court.

Court will hold Plaintiff responsible for the filing fee as well as for prosecuting this matter.

The 30-day deadline for Plaintiff to either pay the fee or seek IFP status has passed without Plaintiff having taken any action. As a result, this case is **DISMISSED** without prejudice, for failure to prosecute. *See* FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994). The obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00 remains due and payable regardless of later developments in the suit, such as dismissal or denial of leave to proceed IFP. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Plaintiff is **ADVISED** that this dismissal shall not count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

The agency having custody of the Plaintiff is directed to remit the $400.00 filing fee from his prisoner trust fund account if such funds are available. If he does not have $400.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher. Thereafter, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the $400.00 filing fee is paid in full. The agency having custody of Plaintiff shall forward these payments from the Plaintiff's trust fund account to the Clerk of this Court each time the Plaintiff's account exceeds $10.00, until the $400.00 fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202. The Clerk is **DIRECTED** to mail a copy of this order to the Trust Fund Officer at the Etowah County Detention Center upon entry of this Order.

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: November 4, 2013**

> s/ MICHAEL J. REAGAN
> United States District Judge